THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MISHA LOUIS, Appellant. [995 NYS2d 228]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered March 28, 2012, convicting her of attempted robbery in the first degree, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Harvey A. Herbert for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Craig Leeds, Esq., 350 Fifth Avenue, Suite 5901, New York, NY 10118, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated September 13, 2012, the appellant was granted

leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by assigned counsel pursuant to *Anders v California* (386 US 738 [1967]), while it does recite the testimony elicited at a pretrial suppression hearing in painstaking detail, and while it also summarizes the plea proceeding, nonetheless fails to "highlight[ ] anything in the record that might arguably support the appeal" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 255 [2011]). A " 'lengthy, indiscriminate narrative of the facts' " (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 257, quoting *People v Gonzalez*, 47 NY2d 606, 611 [1979]), without more, does essentially nothing to "draw the Court's attention to the relevant evidence" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). "Since the brief does not demonstrate that assigned counsel fulfilled h[is] obligations under *Anders v California* (386 US 738 [1967]), we must assign new counsel to represent the appellant" (*People v Greenhill*, 114 AD3d 875, 876 [2014], citing *People v McNair*, 110 AD3d 742 [2013], *People v Singleton*, 101 AD3d 909, 910 [2012], and *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.