■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON C. DEPROSPERIS, Appellant. [7 NYS3d 194]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Capeci, J.), rendered May 9, 2013, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Charles O. Lederman for leave to withdraw as counsel is granted, and he is directed to turn over

all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Marianne Karas, 980 Broadway, Suite 324, Thornwood, N.Y. 10594 is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738) was deficient because it failed to contain an adequate statement of facts and failed to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v McNair*, 110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). The statement of facts did not review, in any detail, the court's advisements to the defendant regarding the rights he was waiving, the inquiries made of the defendant to ensure that the plea was knowingly and voluntarily entered, or the defendant's responses to any of those advisements and inquiries (*see People v Sedita*, 113 AD3d 638, 639-640 [2014]). In addition, it did not provide any detail regarding the defendant's factual admission as to the crime charged (*see id.*). Moreover, although assigned counsel concluded that the defendant's plea of guilty was voluntarily entered, he did not discuss the basis for this conclusion, and made no references to the transcript of the plea hearing or to relevant legal authority in his analysis (*see id.*). Since the brief did not demonstrate that assigned counsel fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v McNair*, 110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Rivera, J.P., Hall, Roman, Cohen and Barros, JJ., concur.