■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOREEN SWENSON, Appellant. [12 NYS3d 557]—Appeal by the de-

fendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered August 5, 2010, convicting her of grand larceny in the second degree and scheme to defraud in the first degree, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of John P. Savoca for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Steven A. Feldman, Esq., 626 RXR Plaza, West Tower, 6th Floor, Uniondale, N.Y. 11556 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) was deficient because it failed to contain an adequate statement of facts and failed to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v McNair*, 110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). The statement of facts did not review, in any detail, the court's advisements to the appellant regarding the rights she was waiving, the inquiries made of the defendant to ensure that the plea was entered knowingly, voluntarily, and intelligently, or the appellant's responses to any of those advisements and inquiries (*see People v Swensen*, 116 AD3d 1073, 1073 [2014]; *People v Sedita*, 113 AD3d 638 [2014]). Assigned counsel also failed to review, in any detail, the colloquy regarding the defendant's purported waiver of her right to appeal (*see People v Swensen*, 116 AD3d at 1074; *People v Sedita*, 113 AD3d

at 639-640). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v McNair*, 110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.