■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROHS, Appellant. [18 NYS3d 872]—Appeal by the defendant from a judgment of the County Court, Westchester County (Everett, J.), rendered September 23, 2014, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Judith E. Permutt for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to the new counsel assigned herein; and it is further,

Ordered that Mark Diamond, Esq., Box 287356, Yorkville Station, N.Y., 10128, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated March 2, 2015, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it does not contain an adequate statement of facts and fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Swenson*, 130 AD3d 848, 849 [2015]; *People v McNair*, 110 AD3d 742, 743 [2013]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel acted as an active advocate on behalf of her client (*see Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256), or that she diligently examined the record, we must assign new counsel to represent the appellant (*see People v Swenson*, 130 AD3d at 849; *People v McNair*, 110 AD3d at 743; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256). Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.