■ The People of the State of New York, Respondent, v William M. Lagarenne, Appellant. [34 NYS3d 504]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered April 17, 2015, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Robert C. Mitchell for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,

Ordered that Steven A. Feldman, Esq., 626 RXR Plaza, West Tower, 6th Floor, Uniondale, NY, 11556, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of

the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated July 27, 2015, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it does not contain an adequate statement of facts, fails to adequately analyze potential appellate issues, and fails to highlight facts in the record that might arguably support the appeal (*see People v Swenson*, 130 AD3d 848, 849 [2015]; *People v Deprosperis*, 126 AD3d 997, 998 [2015]; *People v Sedita*, 113 AD3d 638, 639-640 [2014]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under *Anders*, we must assign new counsel to represent the appellant (*see People v Swenson*, 130 AD3d at 849-850; *People v Deprosperis*, 126 AD3d at 998; *People v Sedita*, 113 AD3d at 640; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258).

Moreover, upon this Court's independent review of the record, we conclude that there are nonfrivolous issues in this case, including, but not necessarily limited to, whether the defendant's plea of guilty was voluntarily entered (*see People v Azor*, 113 AD3d 871 [2014]; *People v Gibson*, 54 AD3d 350 [2008]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.