■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FERRETTI, Appellant. [47 NYS3d 736]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered September 16, 2015, convicting him of criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of John P. Savoca for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,

Ordered that Thomas R. Villecco, Esq., 366 North Broadway, Suite 410, Jericho, NY 11753, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated March 8, 2016, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it failed to contain an adequate statement of facts and failed to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v McNair*, 110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). The brief failed to describe the County Court's advisements to the appellant

regarding the constitutional rights he was waiving, the inquiries made to ensure that the plea was entered knowingly, voluntarily, and intelligently, or the appellant's responses to these inquiries (*see People v Swenson*, 130 AD3d 848, 849 [2015]; *People v Swensen*, 116 AD3d 1073, 1073-1074 [2014]). Assigned counsel also failed to review, in any detail, the colloquy regarding the defendant's purported waiver of his right to appeal (*see People v Swenson*, 130 AD3d at 849). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v McNair*, 110 AD3d at 742; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Mastro, J.P., Leventhal, Hall and Cohen, JJ., concur.