■ In the Matter of HANNAH T.R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SOYA R., Appellant. [52 NYS3d 406]—

Appeals by the mother from (1) a temporary order of protection of the Family Court, Kings County (Ilana Gruebel, J.), dated January 5, 2016, and (2) a permanency hearing order of that court, also dated January 5, 2016. The temporary order of protection directed the mother, inter alia, to stay away from the subject child, except during visitation as delineated in the permanency hearing order, until and including March 8, 2016. The permanency hearing order, after a permanency hearing, continued the temporary removal of the subject child until the completion of the next permanency hearing or pending further order of the court and directed that the mother have supervised visitation with the child. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant on the appeals from these orders.

Ordered that the appeal from the temporary order of protection is dismissed, without costs or disbursements; and it is further,

Ordered that the branch of the motion of Kenneth M. Tuccillo which was for leave to withdraw as counsel for the appellant on the appeal from the temporary order of protection is denied as academic; and it is further,

Ordered that the branch of the motion of Kenneth M. Tuccillo which was for leave to withdraw as counsel for the appellant on the appeal from the permanency hearing order is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,

Ordered that David Laniado, Esq., 411 Westminster Road, Suite 2, Cedarhurst, NY 11516, is assigned as counsel to prosecute the appeal from the permanency hearing order; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on mo-

tion of this Court dated May 24, 2016, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The appeal from the temporary order of protection must be dismissed as academic, as that order has expired by its terms and imposes no enduring consequences on the mother (*see Matter of Hannah T.R. [Soya R.]*, 145 AD3d 1012 [2016]; *Matter of Kayla F. [Kevin F.]*, 130 AD3d 724, 725 [2015]; *Matter of Andrea V. [James A.]*, 128 AD3d 1077, 1078 [2015]; *Matter of Baby Boy D. [Adanna C.]*, 127 AD3d 1079, 1079 [2015]). Counsel's application for leave to withdraw as counsel for the appellant on the appeal from the temporary order of protection, therefore, must be denied as academic (*see Matter of Kaci C. [John C.]*, 136 AD3d 674 [2016]; *Matter of Avizbakiyev v Shamilova*, 71 AD3d 880, 881 [2010]).

That portion of the brief submitted by the mother's counsel pursuant to *Anders v California* (386 US 738 [1967]) which pertained to the permanency hearing order was deficient because it failed to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal from that order (*see People v Williams*, 135 AD3d 977, 977-978 [2016]; *People v Parker*, 135 AD3d 966, 968 [2016]; *People v Rosado*, 117 AD3d 882, 883 [2014]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). The brief also incorrectly stated that the permanency hearing order had expired by its terms (*see People v Rosado*, 117 AD3d at 883). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under *Anders v California* (386 US 738 [1967]), we must assign new counsel to represent the mother on the appeal from the permanency hearing order (*see People v Williams*, 135 AD3d at 977-978; *People v Parker*, 135 AD3d at 968; *People v Louis*, 122 AD3d 645, 646 [2014]; *Matter of Cameron McC. [Alicia S.]*, 112 AD3d 939, 940 [2013]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 260). Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.