Appeal by the defendant from a judgment of the County Court, Westchester County (Warhit, J.), rendered April 7, 2015, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has filed a brief pursuant to Anders v California (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the defendant.
 

 Ordered that the motion of Alexander Ayoub for leave to withdraw as counsel for the defendant is granted, and he is directed to turn over all papers in his possession to the defendant’s new counsel assigned herein; and it is further,
 

 Ordered that Gary Eisenberg, Esq., 10 Esquire Road, Suite 10, New City, NY 10956, is assigned as counsel to prosecute the appeal; and it is further,
 

 Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the defendant’s new assigned counsel; and it is further,
 

 Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the defendant is served and filed. By prior decision and order on motion of this Court dated January 8, 2016, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
 

 The brief submitted by the defendant’s assigned counsel pursuant to Anders v California (386 US 738 [1967]) is deficient because it fails to contain an adequate statement of facts and fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Ferretti, 148 AD3d 720, 720-721 [2017]; People v McNair, 110 AD3d 742 [2013]; People v Singleton, 101 AD3d 909, 910 [2012]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256 [2011]). The brief fails to mention the colloquy regarding the motion of The Legal Aid Society to be relieved from representing the defendant on the basis of a possible conflict of interest, the granting of that motion, and relieved counsel’s subsequent participation in the proceedings at which the plea agreement was actively negotiated and entered into (see People v Swenson, 130 AD3d 848, 849 [2015]; People v Swensen, 116 AD3d 1073, 1073-1074 [2014]). Assigned counsel also fails to review in any detail the colloquy regarding the defendant’s purported waiver of his right to appeal (see People v Swenson, 130 AD3d at 849). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Ferretti, 148 AD3d at 720-721; People v McNair, 110 AD3d at 742; People v Singleton, 101 AD3d at 910; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
 

 Dillon, J.P., Balkin, Hall and LaSalle, JJ., concur.