People v Smith (2019 NY Slip Op 01801)





People v Smith


2019 NY Slip Op 01801


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2015-09902 ON MOTION
 (Ind. No. 2249-14)

[*1]The People of the State of New York, respondent,
v
Anthony Wayne Smith, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Miller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Richard Ambro, J.), rendered September 8, 2015, convicting him of assault in the third degree and criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Laurette D. Mulry for leave to withdraw as counsel is granted, and she is directed to turn over all papers in her possession to the new counsel assigned herein; and it is further,
ORDERED that Richard L. Herzfeld, 112 Madison Avenue, 8th Floor, New York, NY, 10016 is assigned as counsel to perfect the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated December 14, 2016, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first " satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). "[C]ounsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, [*2]or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the brief submitted by the appellant's counsel pursuant to Anders v California (386 US 738) is deficient because it failed to analyze potential appellate issues with reference to the relevant legal authority or highlight facts in the record that might arguably support the appeal (see People v Deprosperis, 126 AD3d 997, 998; People v Sedita, 113 AD3d 638, 639-640). The brief also fails to contain an adequate statement of facts, as it does not review, in any detail, the Supreme Court's advisements to the appellant regarding the rights he was waiving, the inquiries made of the appellant to ensure that the plea was entered knowingly, voluntarily, and intelligently, or the appellant's responses to any of those advisements and inquiries (see People v Swensen, 116 AD3d 1073, 1073-1074; People v Sedita, 113 AD3d at 639). Since the brief does not demonstrate that assigned counsel has fulfilled her obligations under Anders v California (386 US 738), we must assign new counsel to represent the appellant (see People v Deprosperis, 126 AD3d at 998; People v Swensen, 116 AD3d at 1074).
Moreover, upon this Court's independent review of the record, we conclude that there are nonfrivolous issues, including, but not necessarily limited to, whether the purported waiver of the defendant's right to appeal was valid (see People v Lopez, __AD3d__, 2019 NY Slip Op 00306 [2d Dept 2019]; People v Jackson, 166 AD3d 649, 650), which is relevant to determining whether appellate review of the Supreme Court's denial of the defendant's pretrial suppression motion is available (see People v Powell, 167 AD3d 660; People v McCalla, 160 AD3d 662, 664; see also People v Saunders, 25 NY3d 337, 342).
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court