People v Cummings (2019 NY Slip Op 04399)





People v Cummings


2019 NY Slip Op 04399


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-07286 ON MOTION
 (Ind. No. 01212-16)

[*1]The People of the State of New York, respondent,
v
Horace Cummings, appellant.


Joseph A. Hanshe, Sayville, NY, for appellant, and appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Sarah S. Rabinowitz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered May 5, 2017, convicting him of manslaughter in the second degree, reckless endangerment in the second degree, and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Joseph A. Hanshe for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Martin Goldberg, 672 Dogwood Avenue, #183, Franklin Square, New York, 11010, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 1, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4], [c][1]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first be satisfied " that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). "[C]ounsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific [*2]references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the Anders brief submitted by the appellant's counsel was deficient because it failed to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see Anders v California, 386 US 738; People v Gonzalez, 47 NY2d 606, 610-611; People v Dimon, 164 AD3d 600, 601; People v Solomon, 162 AD3d 912, 913; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 257-258). The brief, which contained an indiscriminate narrative of the facts and a single point heading, failed to analyze whether any potential issues arose from the plea or sentencing proceedings with reference to the facts of the case and relevant legal authority, or to marshal arguments on the defendant's behalf. It set forth a single point heading entitled "application to withdraw" followed by counsel's statement that he had "examined all the potential issues and the relevant case law" and concluded "that there are no meritorious issues on this appeal" without discussing the basis for this conclusion or citing any cases or other legal authority in support thereof (see People v Gonzalez, 47 NY2d at 607, 610; People v Deprosperis, 126 AD3d 997, 998). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders, we must assign new counsel to represent the appellant (see Anders v California, 386 US 738; People v Sedita, 113 AD3d 638, 640; People v McNair, 110 AD3d 742, 743; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Moreover, upon our independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the sentence imposed was excessive (see generally People v Suitte, 90 AD2d 80).
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court