People v Devore (2019 NY Slip Op 05559)





People v Devore


2019 NY Slip Op 05559


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-10897 ON MOTION
2017-10898
2017-10899
2017-10900

[*1]The People of the State of New York, respondent,
v
Tremaine Devore, appellant. (Ind. Nos. 1711/14, 1797/14, S.C.I. Nos. 616/17, 617/17)


Martin Goldberg, Franklin Square, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (W. Thomas Hughes of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from four judgments of the Supreme Court, Nassau County (Jerald S. Carter, J.), all rendered June 1, 2017, convicting him of robbery in the first degree under Indictment No. 1797/14, robbery in the first degree under Indictment No. 1711/14, burglary in the third degree under Superior Court Information No. 616/17, and burglary in the second degree under Superior Court Information No. 617/17, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Martin Goldberg for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Warren Landau, 448 West Broadway, Cedarhurst, NY, 11516 is assigned as counsel to prosecute the appeals; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated May 16, 2018, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
The brief submitted by the appellant's assigned counsel pursuant to Anders v California (386 US 738) is deficient because it fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeals (see People v Swenson, 130 AD3d 848, 849; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California (386 US 738), we must assign new counsel to represent the appellant (see People v Swenson, 130 AD3d at 850; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Moreover, upon this Court's independent review of the record, we conclude that there are nonfrivolous issues in this case, including, but not necessarily limited to, whether the purported waiver of the defendant's right to appeal was valid (see People v Pelaez, 100 AD3d 803, 803) and, if such waiver is found to be invalid, whether the sentences imposed upon the convictions of burglary in the second degree and burglary in the third degree were excessive (see generally People v Delgado, 80 NY2d 780, 783; People v Suitte, 90 AD2d 80, 85-86).
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court