People v Areizaga (2021 NY Slip Op 05864)





People v Areizaga


2021 NY Slip Op 05864


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
DEBORAH A. DOWLING, JJ.


2019-10279 ON MOTION
 (Ind. No. 18-00858)

[*1]The People of the State of New York, respondent,
v
Samuel Areizaga, appellant.


Jason M. Bernheimer, Valhalla, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent (no brief filed).



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan M. Capeci, J.), rendered June 26, 2019, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Jason M. Bernheimer for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Thomas R. Villecco, 366 No. Broadway, Suite 410, Jericho, NY 11753, is assigned as counsel to perfect the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated March 13, 2020, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S.[Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). As this Court has explained, "counsel must, at a minimum, draw the Court's attention to the relevant [*2]evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Murray, 169 AD3d 227, 231-232; People v Sanders, 91 AD3d 798, 799).
Here, the brief submitted by the appellant's counsel pursuant to Anders v California (386 US 738) is deficient because it failed to contain an adequate statement of facts and failed to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Ferretti, 148 AD3d 720, 720-721; People v McNair, 110 AD3d 742, 743; People v Singleton, 101 AD3d 909, 910; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). Although it recites the facts related to the defendant's plea and sentence, the brief does not demonstrate that appellant's counsel reviewed the defendant's presentence report (see CPL 390.20[1]), or the transcript of the January 23, 2019 proceeding where the defendant purportedly admitted violating the conditions of the plea agreement (see People v Hill, 155 AD3d 891, 892). The brief improperly relies upon "a conclusory statement that the defendant's waiver of his right to appeal was valid" (People v Rojas, 188 AD3d 726, 727), and it does not adequately analyze potential issues that would survive even a valid waiver of the right to appeal (see e.g. People v Todarello, 185 AD3d 970, 970). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v McNair, 110 AD3d at 743; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
DILLON, J.P., MILLER, CONNOLLY, IANNACCI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court