People v Ramirez (2023 NY Slip Op 02133)

People v Ramirez

2023 NY Slip Op 02133

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-01427 ON MOTION
2022-01428

[*1]The People of the State of New York, respondent,
v
Ruben Pichardo Ramirez, appellant. (S.C.I. No. 532-19, Ind. No. 619/20)

Judah Maltz, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered July 14, 2021, convicting him of attempted coercion in the second degree, attempted robbery in the third degree, and endangering the welfare of a child under Indictment No. 619-20, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered July 14, 2021, revoking a sentence of six months incarceration and five years probation previously imposed by the same court (Erica L. Prager, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of burglary in the third degree under Superior Court Information No. 532-19. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Judah Maltz for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,
ORDERED that Jillian S. Harrington, P.O. Box 131621, Staten Island, New York 10313, is assigned as new counsel to prosecute the appeals; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated June 10, 2022, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Murray, 169 AD3d 227, 231-232). Step one requires the appellate court to perform "[an] evaluation of assigned counsel's brief, which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (People v Murray, 169 AD3d at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). If the court is satisfied with the sufficiency of the brief, the court reaches step two, which requires the court to perform "an 'independent review of the record' to determine whether 'counsel's assessment that there are no nonfrivolous issues for appeal is correct'" (People v Murray, 169 AD3d at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the brief submitted by the appellant's counsel pursuant to Anders v California is deficient because it fails to adequately highlight facts in the record that might arguably support the appeals (see People v Areizaga, 198 AD3d 981, 982; People v Lamery, 186 AD3d 1400, 1402) or to adequately analyze potential appellate issues, including, but not necessarily limited to, whether the appellant's admission that he violated his probation was knowingly, voluntarily, and intelligently entered (see CPL 410.70; People v Mathews, 193 AD3d 879, 880), whether the appellant validly waived his right to appeal his resentence (see People v Yodice, 153 AD3d 1373, 1373), and whether the resentence was excessive (see id.). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Velez, 176 AD3d 1239, 1240; People v Ellis, 156 AD3d 718, 720; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court