Matter of Licata v Kaplan (2024 NY Slip Op 04556)

Matter of Licata v Kaplan

2024 NY Slip Op 04556

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-06487
 (Docket No. V-18603-19/19A)

[*1]In the Matter of Joseph Licata, appellant,
v
Debra M. Kaplan, respondent.

Darla A. Filiberto, Islandia, NY, for appellant.
Salvatore C. Adamo, New York, NY, for respondent.
Thomas W. McNally, Hauppauge, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Victoria R. Gumbs-Moore, J.), dated August 1, 2022. The order, after a hearing, granted the oral application of the attorney for the child to dismiss the father's petition to modify the parties' judgment of divorce so as to award him parenting time with the subject child, and dismissed the petition. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the appeal is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that counsel's application for leave to withdraw as counsel for the appellant is denied as academic.
The parties were divorced by judgment entered August 27, 2018. The judgment of divorce, which incorporated but did not merge a stipulation of settlement, provided, inter alia, that the father could petition a court for parenting time with the subject child. In 2019, the father filed a petition to modify the judgment of divorce so as to award him parenting time with the child, who, at the time of the petition, was 15 years old. In August 2022, during the course of a hearing on the father's petition, the attorney for the child made an oral application to dismiss the petition on the ground, among others, that the child was about to turn 18 years old. In an order dated August 1, 2022, the Family Court granted the oral application and dismissed the father's modification petition. The father appeals.
The father's appeal must be dismissed as academic, as the child has reached the age of majority and can no longer be the subject of a custody or parental access order (see Domestic Relations Law § 2; Matter of Rodriguez v Sabbat, 185 AD3d 938, 940).
Counsel's application to be relieved of the assignment to prosecute the appeal must be denied as academic (see Matter of Hannah T.R. [Soya R.], 149 AD3d 957, 958).
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court