People v Gumbs (2025 NY Slip Op 00234)

People v Gumbs

2025 NY Slip Op 00234

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LINDA CHRISTOPHER, J.P.
BARRY E. WARHIT
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-02616 ON MOTION

[*1]The People of the State of New York, respondent,
v
Erwin Gumbs, appellant. (S.C.I. No. 1226/18)

Jason M. Bernheimer, Chappaqua, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent (no brief filed).

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan M. Capeci, J., at plea; Helen M. Blackwood, J., at sentence), rendered March 8, 2022, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Jason M. Bernheimer for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Richard L. Herzfeld, 112 Madison Ave., 8th Fl., New York, NY 10016, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated September 27, 2023, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Ramirez, 215 AD3d 984, 985; People v Murray, 169 AD3d 227, 231-232). Step one requires the appellate court to perform "[an] evaluation of assigned counsel's brief, which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (People v Murray, 169 AD3d at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258; see People v Ramirez, 215 AD3d [*2]at 985). Assigned appellate counsel must also "promptly obtain any transcripts, and consult with the client, as well as with trial counsel" (People v Brown, 210 AD3d 1001, 1003 [internal quotation marks omitted]). If the court is satisfied with the sufficiency of the brief, the court reaches step two, which requires the court to perform "an 'independent review of the record' to determine whether 'counsel's assessment that there are no nonfrivolous issues for appeal is correct'" (People v Murray, 169 AD3d at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Ramirez, 215 AD3d at 985).
Here, the brief submitted by assigned counsel pursuant to Anders v California is deficient because it fails to adequately analyze potential appellate issues with reference to the relevant legal authority, including, but not necessarily limited to, whether the defendant waived his right to be present at sentencing (see generally People v Rossborough, 27 NY3d 485, 488-489; People v Rodriguez, 186 AD3d 625, 626), whether the defendant violated the terms of interim probation pursuant to his plea agreement (see generally People v Picciochi, 175 AD3d 1563, 1564; People v Maldonado, 44 AD3d 793, 793), and whether the sentence imposed was excessive (see People v Smith, 204 AD3d 838, 840). The brief also fails to contain an adequate statement of the facts, as it does not review the transcript of the proceeding where the defendant's promised sentence in the alternative was amended from two years of imprisonment to three years of imprisonment.
In sum, since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Ramirez, 215 AD3d at 985-986; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
CHRISTOPHER, J.P., WARHIT, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court