People v Philpot (2025 NY Slip Op 01113)

People v Philpot

2025 NY Slip Op 01113

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2011-04260 ON MOTION
 (Ind. No. 323/10)

[*1]The People of the State of New York, respondent,
v
John Philpot, appellant.

Edward C. Bruno, Pine Bush, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Cynthia Dolan and Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas De Rosa, J.), rendered April 5, 2011, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Edward C. Bruno for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Samuel Coe, 50 Main St., Ste. 1000, White Plains, NY 10606 is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated October 13, 2011, the appellant was granted a waiver of costs, fees, and expenses and the assignment of counsel, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Ramirez, 215 AD3d 984, 985; People v Murray, 169 AD3d 227, 231-232). Step one requires the appellate court to perform "[an] evaluation of assigned counsel's brief, which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with [*2]reference to the facts of the case and relevant legal authority'" (People v Murray, 169 AD3d at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258; see People v Ramirez, 215 AD3d at 985). Assigned appellate counsel must also "promptly obtain any transcripts, and consult with the client, as well as with trial counsel" (People v Brown, 210 AD3d 1001, 1003 [internal quotation marks omitted]). If the appellate court is satisfied with the sufficiency of the brief, the court then reaches step two of its review, which requires the court to perform "an 'independent review of the record' to determine whether 'counsel's assessment that there are no nonfrivolous issues for appeal is correct'" (People v Murray, 169 AD3d at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Ramirez, 215 AD3d at 985).
Here, the brief submitted by the defendant's counsel pursuant to Anders v California is deficient because it fails to adequately analyze potential appellate issues with reference to the record and relevant legal authority, including, but not necessarily limited to, whether the County Court erred in denying the defendant's motion to withdraw his guilty plea, the defendant's competency to enter the guilty plea, the validity of the waiver of the right to appeal, and any potential ineffective assistance of counsel claim (see People v Ramirez, 215 AD3d at 985; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258-260). Additionally, the contention by the defendant's counsel that the defendant entered a voluntary guilty plea was conclusory.
Accordingly, since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Ramirez, 215 AD3d at 985-986; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court