People v Dileo (2026 NY Slip Op 00524)

People v Dileo

2026 NY Slip Op 00524

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2024-07481

[*1]The People of the State of New York, respondent,
vChet Dileo, appellant. (S.C.I. No. 71135/21)

Martin Goldberg, Franklin Square, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Nassau County (Robert A. Schwartz, J.), rendered July 30, 2024, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a controlled substance in the fourth degree. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Martin Goldberg for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Joseph DeFelice, 125-10 Queens Blvd., Suite 302, Kew Gardens, NY 11415, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated September 11, 2024, pursuant to CPL 380.55(2), this Court directed that the appeal be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court first "must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the . . . appeal" (McCoy v Court of Appeals of Wis., Dist. 1, 486 US 429, 442; see Penson v Ohio, 488 US 75, 83). An [*2]adequate Anders brief "must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). "[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal" (id.; see People v Collins, 239 AD3d 990, 991).
The brief submitted by the defendant's counsel pursuant to Anders v California is deficient because it fails to adequately analyze potential appellate issues with reference to legal authority, including, but not necessarily limited to, whether the defendant's admission that he violated conditions of his probation was knowingly, voluntarily, and intelligently entered (see People v Ramirez, 215 AD3d 984, 985), whether the defendant waived his right to a revocation hearing (see CPL 410.70; People v Montenegro, 153 AD3d 553, 554), and whether the resentence was excessive (see People v Lisbon, 233 AD3d 799, 801; People v Ramirez, 215 AD3d at 985). The brief also fails to contain an adequate statement of the facts, as, among other deficiencies, it does not identify the conditions of probation that were imposed on the defendant at the time of sentencing (see People v Gumbs, 234 AD3d 791, 793; People v Areizaga, 198 AD3d 981, 982).
Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Haynesworth, 240 AD3d 512, 513; People v Reyes-Fuentes, 228 AD3d 686, 688).
DILLON, J.P., BRATHWAITE NELSON, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court