People v Espinoza (2020 NY Slip Op 04855)





People v Espinoza


2020 NY Slip Op 04855


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2018-12254 ON MOTION
 (Ind. No. 312/13)

[*1]The People of the State of New York, respondent,
v
Jovan J. Espinoza, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered August 21, 2018, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, upon his admission, and imposing sentence on his previous conviction of criminal possession of a controlled substance in the third degree. Assigned counsel has submitted a brief in accordance with Anders v California, (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Gary E. Eisenberg for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,
ORDERED that Yasmin Daley Duncan, 386 Parkside Avenue, Brooklyn, New York, 11226, is assigned as new counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 25, 2019, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Murray, 169 AD3d 227, 231-232). Step one requires the appellate court to perform "[an] evaluation of assigned counsel's brief, which must, to be adequate, discuss relevant evidence, with specific [*2]references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (id. at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). Step two requires the appellate court to perform "an independent review of the record' to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is correct'" (People v Murray, 169 AD3d at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the brief submitted by the defendant's counsel pursuant to Anders v California (386 US 738) was deficient because it failed to adequately analyze potential appellate issues, including, but not necessarily limited to, whether the defendant's sentence was excessive. Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant's sentence was excessive (see e.g. People v Cummings, 173 AD3d 760, 762; People v Brewster, 168 AD3d 872, 873; see generally People v Suitte, 90 AD2d 80). Accordingly, under the circumstances, we must assign new counsel to represent the defendant.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court