People v Lamery (2020 NY Slip Op 04967)





People v Lamery


2020 NY Slip Op 04967


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-06074 ON MOTION
2017-06075

[*1]The People of the State of New York, respondent,
v
Emmanuel Lamery, appellant. (S.C.I. Nos. 15-01180, 16-01045)


John De Chiaro, Larchmont, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Westchester County (Larry J. Schwartz, J.), both rendered May 9, 2017, convicting him of criminal possession of a controlled substance in the fifth degree under Superior Court Information No. 15-01180, and criminal possession of a controlled substance in the fifth degree under Superior Court Information No. 16-01045, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of John De Chiaro for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Arza R. Feldman, 1129 Northern Blvd., Suite 404, Manhasset, NY 11030, is assigned as counsel to perfect the appeals; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated October 12, 2017, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4], [c][1]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first " satisfy itself that the attorney has provided the client with a diligent [*2]and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). As this Court explained in Matter of Giovanni S., "counsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
The brief submitted by the appellant's counsel pursuant to Anders v California (386 US 738) is deficient because it fails to analyze potential appellate issues or highlight facts in the record - including the defendant's immigration status - that might arguably support the appeals (see People v McDowell, 181 AD3d 716; People v Polk, 161 AD3d 1012, 1013; People v McNair, 110 AD3d 742; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). After reciting the facts related to the defendant's pleas and sentences, the brief states in a conclusory fashion that no nonfrivolous issues exist (see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders, we must assign new counsel to represent the appellant (see People v Rivera, 142 AD3d 512, 513; People v Parker, 135 AD3d 966, 968; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Accordingly, assignment of new counsel is warranted (see People v Stokes, 95 NY2d 633, 638; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court