People v Gates (2021 NY Slip Op 05716)





People v Gates


2021 NY Slip Op 05716


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.


2020-03148
(S.C.I. No. 19-00655)

[*1]The People of the State of New York, respondent,
v
James Gates, appellant. 


Thomas R. Villecco, Jericho, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent (no brief filed).



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Michael A. Martinelli, J.), rendered January 29, 2020, convicting him of criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Thomas R. Villecco for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,
ORDERED that Jerry Kebrdle, 200 Mamaroneck Ave., Suite 504, White Plains, NY 10601, is assigned as new counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated July 24, 2020, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Murray, 169 AD3d 227, 231-232). Step one requires the appellate court to perform "[an] evaluation of assigned counsel's brief, which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, [*2]or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (id. at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). If the court is satisfied with the sufficiency of the brief, the court reaches step two, which requires the court to perform "an 'independent review of the record' to determine whether 'counsel's assessment that there are no nonfrivolous issues for appeal is correct'" (People v Murray, 169 AD3d at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the brief submitted by the defendant's counsel pursuant to Anders v California (386 US 738) was deficient because it failed to adequately analyze potential appellate issues, including, but not necessarily limited to, whether the sentence imposed was excessive (see e.g. People v Cummings, 173 AD3d 760, 762; People v Brewster, 168 AD3d 872, 873; see generally People v Suitte, 90 AD2d 80). Accordingly, under the circumstances, we must assign new counsel to represent the defendant.
CHAMBERS, J.P., AUSTIN, DUFFY, BARROS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court