People v Banks (2021 NY Slip Op 06364)





People v Banks


2021 NY Slip Op 06364


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
DEBORAH A. DOWLING, JJ.


2019-09029 ON MOTION

[*1]The People of the State of New York, respondent,
v
Richard D. Banks, appellant. (S.C.I. No. 185/19)


Gerald Zuckerman, Croton on Hudson, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent (no brief filed).



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan M. Capeci, J.), rendered June 10, 2019, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Gerald Zuckerman for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Kelley M. Enderley, 222 Church Street, 1st Fl., Poughkeepsie, NY, 12601, is assigned as counsel to perfect the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated November 12, 2019, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83; see People v Murray, 169 AD3d 227). "[C]ounsel must, at a minimum, draw the Court's attention to [*2]the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Murray, 169 AD3d at 231-232; People v Randolph, 156 AD3d 818, 819). If assigned counsel's Anders brief is deficient in this respect, "new counsel must be assigned to perform a new appellate review" (People v Murray, 169 AD3d at 232).
Here, the brief submitted by the appellant's counsel pursuant to Anders v California (386 US 738) is deficient because it fails to analyze potential legal issues with reference to relevant legal authority (see People v Espinal Regalado, 192 AD3d 918; People v Murray, 169 AD3d at 232; People v Brown, 158 AD3d 815, 816; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256; People v Williams, 135 AD3d 977, 977). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Brown, 158 AD3d at 816; People v Sedita, 113 AD3d 638, 640; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256).
DILLON, J.P., MILLER, CONNOLLY, IANNACCI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court