People v Varghese (2022 NY Slip Op 00200)





People v Varghese


2022 NY Slip Op 00200


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2021-02321 ON MOTION
 (Ind. No. 391/19)

[*1]The People of the State of New York, respondent,
v
Chacko Varghese, appellant.


Stephen R. Mahler, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered March 3, 2021, convicting him of aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2-a)(b), upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Stephen R. Mahler for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Joseph DeFelice, 125-10 Queens Boulevard, Suite 302, Kew Gardens, NY 11415, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By order dated March 16, 2021, the Supreme Court, Nassau County, granted an application pursuant to CPL 380.55 for poor person relief. By prior decision and order on motion dated April 2, 2021, this Court directed that the appeal be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Murray, 169 AD3d 227, 231-232). Step one requires the appellate court to perform "[an] evaluation of assigned counsel's brief, which must, to be adequate, discuss 'relevant evidence, with specific [*2]references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (id. at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). If the court is satisfied with the sufficiency of the brief, the court reaches step two, which requires the court to perform "an 'independent review of the record' to determine whether 'counsel's assessment that there are no nonfrivolous issues for appeal is correct'" (People v Murray, 169 AD3d at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the brief submitted by the defendant's counsel pursuant to Anders v California (386 US 738) is deficient because it fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal. These appellate issues include the validity of the appeal waiver with reference to the facts of the case and whether the defendant's sentence was excessive (see People v London, 198 AD3d 920; People v Gates, 198 AD3d 917; People v Rojas, 188 AD3d 726, 727; People v Lamery, 186 AD3d 1400, 1402; People v Randolph, 156 AD3d 818). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Velez, 176 AD3d 1239, 1240; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court