People v Jones (2022 NY Slip Op 00879)





People v Jones


2022 NY Slip Op 00879


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2020-03433
 (Ind. No. 1741/18)

[*1]The People of the State of New York, respondent,
v
Tadarrell Jones, appellant.


Alan Katz, Garden City Park, NY, for appellant.
Letitia James, Attorney General, New York, NY (Jodi A. Danzig and Paul B. Lyons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert J. McDonald, J.), rendered September 12, 2019, convicting him of criminal sale of a firearm in the second degree, criminal sale of a firearm in the third degree (five counts), criminal possession of a weapon in the second degree (five counts), criminal possession of a weapon in the third degree (seven counts), criminal possession of a firearm (five counts), endangering the welfare of a child (four counts), and conspiracy in the fourth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Alan Katz for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Jillian S. Harrington, P.O. Box 131621, Staten Island, NY 10303 is assigned as new counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated June 24, 2020, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Murray, 169 AD3d 227, 231-232). Step one requires the appellate court to perform "[an] evaluation [*2]of assigned counsel's brief, which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (id. at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). If the court is satisfied with the sufficiency of the brief, the court reaches step two, which requires the court to perform "an 'independent review of the record' to determine whether 'counsel's assessment that there are no nonfrivolous issues for appeal is correct'" (People v Murray, 169 AD3d at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the brief submitted by the defendant's counsel pursuant to Anders v California (386 US 738) is deficient because it fails to adequately analyze potential appellate issues, including whether the defendant's plea of guilty was knowingly, intelligently, and voluntarily entered, whether the defendant was deprived of the effective assistance of counsel such that it impacted the validity of his plea, and whether the sentence imposed was excessive (see People v Areizaga, 198 AD3d 981, 982; People v Gates, 198 AD3d 917, 918; People v Corley, 186 AD3d 1239, 1240; People v Smith, 184 AD3d 748, 749; People v Strongminton, 156 AD3d 825, 825). Accordingly, under the circumstances, we must assign new counsel to represent the defendant.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court