People v Giglio (2022 NY Slip Op 00877)





People v Giglio


2022 NY Slip Op 00877


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2019-14077

[*1]The People of the State of New York, respondent,
v
Alfred Giglio, appellant. (S.C.I. No. 1646/19)


Joseph A. Hanshe, Sayville, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Philip Goglas, J.), rendered November 26, 2019, convicting him of attempted burglary in the second degree (three counts), upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Joseph A. Hanshe for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Richard L. Herzfeld, 112 Madison Avenue, 8th Floor, New York, NY, 10016, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 11, 2020, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83 [internal quotation marks omitted]). "The filing of a sufficient Anders brief is essential to ensuring that an indigent party's rights are protected" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). [*2]"[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal" (id. at 258; see People v Barger, 72 AD3d 696).
Here, the brief submitted by the appellant's counsel pursuant to Anders v California is deficient because it does not analyze any potential appellate issues. Instead, the one paragraph analysis of the case at hand does little more than conclusorily assert the opinion of counsel that there are no nonfrivolous issues to raise on appeal (see Anders v California, 386 US at 742-743). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Campbell, 199 AD3d 933; People v Banks, 199 AD3d 929; People v Sanders, 198 AD3d 677).
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court