People v Chicas (2022 NY Slip Op 02013)





People v Chicas


2022 NY Slip Op 02013


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2021-01437 ON MOTION
 (Ind. No. 789/19)

[*1]The People of the State of New York, respondent,
v
Wilber Campos Chicas, appellant.


Joseph A. Hanshe, Sayville, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Richard Ambro, J.), rendered January 21, 2020, convicting him of attempted conspiracy in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Joseph A. Hanshe for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Salvatore C. Adamo, 1345 Avenue of the Americas, 2nd Fl., New York, NY 10105, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 19, 2021, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83; see People v Murray, 169 AD3d 227). "[C]ounsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with [*2]reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Murray, 169 AD3d at 231-232; People v Randolph, 156 AD3d 818, 819). "Counsel cannot merely recite the underlying facts, and state a bare conclusion that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). If assigned counsel's brief is deficient in this respect, "new counsel must be assigned to perform a new appellate review" (People v Murray, 169 AD3d at 232).
The brief submitted by the defendant's counsel pursuant to Anders v California (386 US 738) is deficient because it fails to analyze potential legal issues with reference to the facts of the case and relevant legal authority (see People v Holley, 193 AD3d 878; People v Regalado, 192 AD3d 918; People v Adams, 192 AD3d 821; People v Persaud, 187 AD3d 1060, 1062; People v Santos, 180 AD3d 941; People v Sedita, 113 AD3d 638, 640; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). After reciting the facts relating to the defendant's plea and sentence, the brief merely states in conclusory fashion that no nonfrivolous issues exist (see People v Santos, 180 AD3d 941; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Santos, 180 AD3d 941; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256).
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court