People v Smith (2022 NY Slip Op 02438)

People v Smith

2022 NY Slip Op 02438

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2019-13193 ON MOTION
 (Ind. No. 952/18)

[*1]The People of the State of New York, respondent,
v
Noel Smith, appellant.

Pat Bonanno, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered September 12, 2019, convicting him of driving while intoxicated and aggravated unlicensed operation of a motor vehicle, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which assigned counsel moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Pat Bonanno for leave to withdraw as counsel for the appellant is granted, and former counsel is directed to turn over all papers in former counsel's possession to new counsel assigned herein; and it is further,
ORDERED that Steven A. Feldman, 1129 Northern Boulevard, Suite 404, Manhasset, NY 11030, is assigned as new counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 4, 2020, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Murray, 169 AD3d 227, 231-232). "Step one is the court's evaluation of assigned counsel's brief, which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (id. [*2]at 231-232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258).
"If the Anders brief is deficient and fails to withstand step one review, new counsel must be assigned to perform a new appellate review" (People v Murray, 169 AD3d at 232; see e.g. People v McNair, 110 AD3d 742; People v Singleton, 101 AD3d 909). As the Court of Appeals has repeatedly cautioned, "neither a review of the record by the Appellate Division nor a pro se brief can substitute for the single-minded advocacy of appellate counsel" (People v Casiano, 67 NY2d 906, 907; see People v Gonzalez, 47 NY2d 606, 611-612; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; People v Reyes, 302 AD2d 322; People v Espino, 279 AD2d 798, 801).
Here, the brief submitted by the defendant's counsel pursuant to Anders v California (386 US 738) included a statement of the facts with citations to pages in the transcripts of the plea proceeding and the sentencing proceeding. Assigned counsel's brief also analyzed the enforceability of the purported appeal waiver, and the validity of the defendant's plea of guilty. However, although assigned counsel set forth an analysis of whether the defendant's plea was knowing, intelligent, and voluntary, there is no indication in the record or brief that assigned counsel actually communicated with the defendant at any point during the representation to see whether the defendant actually wanted to withdraw his plea of guilty (cf. People v Somarriba, 116 AD2d 525). This is significant because a defendant's decision to plead guilty is personal, and assigned counsel may not properly seek to vacate a defendant's plea of guilty without the defendant's express consent (see e.g. People v Rolston, 66 AD2d 617, 628, affd 50 NY2d 1048).
As this Court has recognized "'[e]very advocate has essentially the same professional responsibility whether he or she accepted a retainer from a paying client or an appointment from a court'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256, quoting McCoy v Court of Appeals of Wis. Dist. 1, 486 US 429, 438). "In the fulfillment of that responsibility, counsel should promptly obtain any transcripts, and consult with the client, as well as with trial counsel" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256 [emphasis added]). Inasmuch as assigned counsel's brief does not reflect that assigned counsel actually consulted with the defendant at any point during the representation, the brief does not demonstrate that assigned counsel fulfilled the obligation imposed by Anders to "consult with the client" (id. at 256; cf. People v Somarriba, 116 AD2d 525). Moreover, there is nothing in the record or in assigned counsel's brief indicating that assigned counsel sent a letter to the defendant or otherwise informed him of his right to file a pro se supplemental brief in addition to assigned counsel's Anders brief (see People v Orve, 178 AD2d 564, 564-565).
Furthermore, as the People correctly note, assigned counsel failed to adequately address the defendant's sentence. Assigned counsel's brief failed to adequately address this Court's "broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be [legal]" (People v Delgado, 80 NY2d 780, 783; see CPL 470.20[6]; People v Gonzalez, 47 NY2d at 611-612; People v Jones, _____ AD3d _____, 2022 NY Slip Op 00879 [2d Dept]; People v London, 198 AD3d 920, 922; People v Gates, 198 AD3d 917, 918; People v Williams, 188 AD3d 934, 935; People v Espinoza, 186 AD3d 1242, 1243; see also People v Cummings, 173 AD3d 760, 762).
In sum, since assigned counsel's brief does not demonstrate that assigned counsel fulfilled the obligations imposed by Anders, we must assign new counsel to represent the appellant (see People v Areizaga, 198 AD3d 981, 982; People v Rojas, 188 AD3d 726, 727; People v McNair, 110 AD3d at 743; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court