People v Brown (2022 NY Slip Op 06712)

People v Brown

2022 NY Slip Op 06712

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-04344 ON MOTION
 (Ind. No. 307/20)

[*1]The People of the State of New York, respondent,
v
Tracey Brown, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John Collins, J.), rendered February 26, 2021, convicting her of attempted robbery in the second degree, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Richard L. Herzfeld for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Thomas J. Butler, P.O. Box 665, Melville, New York 11747, is assigned as new counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated July 14, 2021, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court "[f]irst . . . must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the . . . appeal" (McCoy v Court of Appeals of Wis., Dist. 1, 486 US 429, 442; see Penson v Ohio, 488 US 75, 83). "Every advocate has essentially the same professional responsibility whether he or she accepted a retainer from a paying client or an appointment from a court" (McCoy v Court of Appeals of Wis., [*2]Dist. 1, 486 US at 438; see Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256). "In preparing and evaluating the case, and in advising the client as to the prospects for success, counsel must consistently serve the client's interest to the best of his or her ability" (McCoy v Court of Appeals of Wis., Dist. 1, 486 US at 438). "In the fulfillment of that responsibility, counsel should promptly obtain any transcripts, and consult with the client, as well as with trial counsel" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256 [emphasis added]; see People v Smith, 204 AD3d 838, 840; see also People v Casiano, 67 NY2d 906; People v Gonzalez, 47 NY2d 606).
Here, the brief submitted by assigned counsel summarily identifies a nonfrivolous issue that could be raised on appeal, but states that the defendant has not given written consent to raise the issue, and, therefore, counsel is submitting an Anders brief. There is no indication that assigned counsel actually communicated with the defendant at any point during the representation prior to the submission of the Anders brief to consult with the defendant and ascertain what arguments she might want raised (cf. People v Greene, 170 AD3d 1039; People v Benjamin, 123 AD3d 837). "Inasmuch as assigned counsel's brief does not reflect that assigned counsel actually consulted with the defendant at any point during the representation, the brief does not demonstrate that assigned counsel fulfilled the obligation imposed by Anders to 'consult with the client'" (People v Smith, 204 AD3d at 840, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256).
Furthermore, the brief fails to analyze potential legal issues with reference to the facts of the case and relevant legal authority. Among other things, the brief does not discuss the charges in the indictment, or the implications of certain statements the defendant made to the Department of Probation concerning the voluntariness of her plea and her citizenship status. Moreover, the brief does not address the issue of whether the sentence imposed was excessive (see People v London, 206 AD3d 674, 675; People v Chicas, 203 AD3d 1064, 1066; People v Jones, 202 AD3d 827, 828; People v Giglio, 202 AD3d 820, 821). While counsel summarily states that the sentence imposed was "consistent with the plea commitment" and "not unreasonable," the brief fails to adequately address this Court's "broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances" (People v Delgado, 80 NY2d 780, 783; see CPL 470.15[6][b]; People v Thompson, 60 NY2d 513, 519; People v Smith, 204 AD3d at 840).
Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v London, 206 AD3d at 675; People v Chicas, 203 AD3d at 1066; People v Giglio, 202 AD3d at 821; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
BRATHWAITE NELSON, J.P., RIVERA, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court