People v Gordon (2024 NY Slip Op 05456)

People v Gordon

2024 NY Slip Op 05456

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2019-08357 
2020-07201
 (Ind. No. 167/18, S.C.I. No. 301/19)

[*1]The People of the State of New York, respondent,
v
Winston Gordon, appellant.

Loren I. Glassman, Scarsdale, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent (no brief filed).

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Westchester County (Barry E. Warhit, J.), both rendered May 23, 2019, convicting him of attempted criminal possession of a weapon in the second degree under Indictment No. 167/18, and criminal possession of marihuana in the third degree under Superior Court Information No. 301/19, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Loren I. Glassman for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Jerry F. Kebrdle, 44 Executive Boulevard, Suite 207, Elmsford, NY 10523, is assigned as counsel to prosecute the appeals; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior
decision and order on motion of this Court dated December 13, 2019, as amended September 25, 2020, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
"An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps" (People v Bolton, 216 AD3d 812, 813). First, the court evaluates assigned counsel's brief, "which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (People v Murray, 169 AD3d 227, 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). If assigned [*2]counsel's Anders brief is deficient in this respect, "new counsel must be assigned to perform a new appellate review" (People v Murray, 169 AD3d at 232). "The second step is to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is correct" (People v Bolton, 216 AD3d at 813). "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the defendant's right to receive, and the attorney's obligation to provide, zealous representation" (People v Murray, 169 AD3d at 231). If the court concludes that nonfrivolous issues could be raised on appeal, the court must assign new counsel to pursue the appeal on the defendant's behalf (see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
The brief submitted by the appellant's counsel pursuant to Anders is deficient because there is no indication that assigned counsel actually communicated with the defendant at any point during the representation prior to submission of the Anders brief (see People v Brown, 210 AD3d 1001, 1003; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). Further, the brief fails to adequately analyze potential legal issues with reference to the facts of the case and relevant legal authority. Among other things, despite positing that the defendant's appeal waivers were invalid, the brief summarily concludes that "there is no basis to believe that the [defendant's] sentence was harsh or excessive" because he received a "relatively lenient sentence," without addressing this Court's authority to reduce a negotiated sentence where appropriate (see People v Brown, 210 AD3d at 1003; People v White, 208 AD3d 691, 693). Moreover, the brief does not analyze the voluntariness of the defendant's pleas with citation to relevant authority (see People v Rodrigues, 229 AD3d 463; People v Bowen, 192 AD3d 905, 906-907).
Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Santos, 180 AD3d 941; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court