People v Norberto (2025 NY Slip Op 00237)

People v Norberto

2025 NY Slip Op 00237

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2019-00363 ON MOTION

[*1]The People of the State of New York, respondent,
v
Jerson Norberto, appellant. (S.C.I. No. 916/18)

Jason M. Bernheimer, Chappaqua, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent (no brief filed).

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Michael A. Martinelli, J.), rendered November 14, 2018, convicting him of attempted criminal possession of a forged instrument in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Jason M. Bernheimer for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Thomas R. Villecco, 30 Wall Street, 8th Fl., New York, NY 10005, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated September 4, 2019, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83 [emphasis omitted]). As this Court has explained, "counsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the [*2]efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (id. at 258). "Counsel cannot merely recite the underlying facts, and state a bare conclusion that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal" (id.). "The filing of a sufficient Anders brief is essential to ensuring that an indigent party's rights are protected" (id. at 256). "[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal" (id. at 258; see People v Singh, 210 AD3d 1017, 1018).
Here, the brief submitted by assigned counsel pursuant to Anders v California is deficient because it fails to analyze potential legal issues with reference to the facts of the case and relevant legal authority. Assigned counsel's analysis of this case does little more than conclusorily assert his opinion that there are no nonfrivolous issues to raise on appeal. "'A mere mechanical statement that there are no valid issues that could legitimately be raised on an appeal is insufficient'" (People v Trent, 220 AD3d 889, 891, quoting People v Lowery, 86 AD2d 537, 538). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Chicas, 203 AD3d 1064, 1066; People v Giglio, 202 AD3d 820, 821).
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court